IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| RECKITT BENCKISER PHARMACEUTICALS INC., RB PHARMACEUTICALS LIMITED, and MONOSOL RX, LLC, | ) ) ) ) | |
| Plaintiffs, | ) ) ) | C.A. No. 14-1451-RGA |
| v. | ) ) | |
| TEVA PHARMACEUTICALS USA, INC., | ) ) | |
| Defendant. | ) | |

## DEFENDANT'S ANSWER TO THE
## FIRST AMENDED COMPLAINT AND COUNTERCLAIMS

Defendant Teva Pharmaceuticals USA, Inc. ("Teva"), hereby answers the First Amended

Complaint of Plaintiffs Reckitt Benckiser Pharmaceuticals Inc. ("RBP"), RB Pharmaceuticals

Limited ("RBP UK"), and Monosol Rx, LLC ("MonoSol") (collectively, "Plaintiffs") as follows:

## NATURE OF THE ACTION

1.      Defendant admits that Plaintiffs purport to bring this action under the Food and

Drug Laws and Patents Laws of the United States. Defendant denies that Plaintiffs properly state

a claim for patent infringement as to United States Patent Nos. 8,900,497 ("the '497 patent") and

8,906,277 ("the '277 patent"). Defendant further admits that Teva submitted Abbreviated New

Drug Application No. 205806 ("Teva's ANDA") to the Food and Drug Administration ("FDA")

seeking approval to manufacture and sell a generic version of Suboxone®, a sublingual film

containing buprenorphine hydrochloride and naloxone hydrochloride, prior to the expiration of

United States Patent Nos. 8,475,832 ("the '832 patent"), 8,017,150 ("the '150 patent"), and

8,603,514 ("the '514 patent"). Except as expressly admitted, Defendant denies the remaining

allegations of paragraph 1.

## THE PARTIES

2.      Defendant lacks knowledge or information sufficient to form a belief about the truth of the allegations in paragraph 2 and therefore denies them.

3.      Defendant lacks knowledge or information sufficient to form a belief about the truth of the allegations in paragraph 3 and therefore denies them.

4.      Defendant lacks knowledge or information sufficient to form a belief about the truth of the allegations in paragraph 4 and therefore denies them.

5.      Defendant admits that Teva is a Delaware corporation, and that Teva has a place of business at 1090 Horsham Road, North Wales, Pennsylvania, 19454. Except as expressly admitted, Defendant denies the remaining allegations in paragraph 5.

## JURISDICTION AND VENUE

6.      This paragraph contains legal conclusions to which no answer is required. To the extent that a response is required, Defendant admits that the Court has subject matter jurisdiction pursuant to 28 U.S.C. §§ 1331 and 1338(a), 2201, and 2202.

7.      Defendant admits that Teva is in the business of developing, manufacturing, marketing, selling, and distributing generic pharmaceutical products in Delaware and throughout the United States. Except as expressly admitted, Defendant denies the remaining allegations in paragraph 7.

8.      Defendant does not contest this Court's personal jurisdiction over Teva for purposes of this action only. Except as expressly admitted, Defendant denies the remaining allegations in paragraph 8.

9.      Defendant does not contest that venue is proper in this District for purposes of this action only.

## THE PATENTS-IN-SUIT

10.     Defendant admits that the face of the '832 patent identifies RPB UK as the assignee. Defendant admits that the face of the '832 patent states that it issued on July 2, 2013. Defendant admits that the '832 patent is entitled "Sublingual and Buccal Film Compositions." Defendant admits that the face of the '832 patent lists Garry L. Myers, Samuel D. Hilbert, Bill J. Boone, B. Arlie Bogue, Pradeep Sanghvi, and Madhusudan Hariharan as inventors. Defendant further admits that Plaintiffs purport to attach a true copy of the '832 patent as Exhibit A to the First Amended Complaint. Defendant avers that the allegation that the '832 patent was duly and legally issued states a legal conclusion to which no response is required, but to the extent a response is required Defendant denies the allegation. Defendant lacks knowledge or information sufficient to form a belief about the truth of the remaining allegations in paragraph 10 and therefore denies them.

11.     Defendant admits that the face of the '150 patent identifies MonoSol as the assignee. Defendant admits that the face of the '150 patent states that it issued on September 13, 2011. Defendant admits that the '150 patent is entitled "Polyethylene Oxide-Based Films and Drug Delivery Systems Made Therefrom." Defendant admits that the face of the '150 patent lists Robert K. Yang, Richard C. Fuisz, Garry L. Myers, and Joseph M. Fuisz as inventors. Defendant further admits that Plaintiffs purport to attach a true copy of the '150 patent as Exhibit B to the First Amended Complaint. Defendant avers that the allegation that the '150 patent was duly and legally issued states a legal conclusion to which no response is required, but to the extent a response is required Defendant denies the allegation. Defendant lacks knowledge or information sufficient to form a belief about the truth of the remaining allegations of paragraph 11 and therefore denies them.

12.     Defendant admits that the face of the '514 patent identifies MonoSol as the assignee. Defendant admits that the face of the '514 patent states that it issued on December 10, 2013. Defendant admits that the '514 patent is entitled "Uniform Films for Rapid Dissolve Dosage Form Incorporating Taste-Masking Compositions." Defendant admits that the face of the '514 patent lists Robert K. Yang, Richard C. Fuisz, Garry L. Myers, and Joseph M. Fuisz as inventors. Defendant further admits that Plaintiffs purport to attach a true copy of the '514 patent as Exhibit C to the First Amended Complaint. Defendant avers that the allegation that the '514 patent was duly and legally issued states a legal conclusion to which no response is required, but to the extent a response is required Defendant denies the allegation. Defendant lacks knowledge or information sufficient to form a belief about the truth of the remaining allegations of paragraph 12 and therefore denies them.

13.     Defendant admits that the face of the '497 patent identifies Monosol as the assignee. Defendant admits that the face of the '497 patent states that it issued on December 2, 2014. Defendant admits that the '497 patent is entitled "Process for Making a Film Having a Substantially Uniform Distribution of Components." Defendant states that the face of the '497 patent lists Robert K. Yang, Richard C. Fuiz [sic], Garry L. Myers, and Joseph M. Fuiz [sic] as inventors. Defendant further admits that Plaintiffs purport to attach a true copy of the '497 patent as Exhibit D to the First Amended Complaint. Defendant avers that the allegation that the '497 patent was duly and legally issued states a legal conclusion to which no response is required, but to the extent a response is required Defendant denies the allegation. Defendant lacks knowledge or information sufficient to form a belief about the truth of the remaining allegations of paragraph 13 and therefore denies them.

14.     Defendant admits that the face of the '277 patent identifies Monosol as the

4

assignee. Defendant admits that the face of the '277 patent states that it issued on December 9, 2014. Defendant admits that the '277 patent is entitled "Process for Manufacturing a Resulting Pharmaceutical Film." Defendant admits that the face of the '277 patent lists Robert K. Yang, Richard C. Fuisz, Garry L. Myers, and Joseph M. Fuisz as inventors. Defendant further admits that Plaintiffs purport to attach a true copy of the '277 patent as Exhibit E to the First Amended Complaint. Defendant avers that the allegation that the '277 patent was duly and legally issued states a legal conclusion to which no response is required, but to the extent a response is required Defendant denies the allegation. Defendant lacks knowledge or information sufficient to form a belief about the truth of the remaining allegations of paragraph 14 and therefore denies them.

## SUBOXONE® SUBLINGUAL FILM

15.    Defendant admits that the *Approved Drug Products with Therapeutic Equivalence Evaluations* (the "Orange Book") entry for New Drug Application ("NDA") No. 22-410 for Suboxone® (buprenorphine hydrochloride and naloxone hydrochloride) sublingual film lists "Reckitt Benckiser" as the applicant. Defendant lacks knowledge or information sufficient to form a belief about the truth of the remaining allegations in paragraph 15 and therefore denies them.

16.    Defendant admits that the Orange Book entry for NDA No. 22-410 lists the FDA approval date as August 30, 2010. Defendant admits that the labeling for Suboxone® sublingual film currently states that the product is "indicated for maintenance treatment of opioid dependence." Defendant lacks knowledge or information sufficient to form a belief about the truth of the remaining allegations in paragraph 16 and therefore denies them.

17.    Defendant admits that the '832, '150, and '514 patents (collectively, the "Listed Patents") are listed in the Orange Book with respect to Suboxone® sublingual film. Defendant

avers that RBP caused the '832, '150, and '514 patents to be listed in the Orange Book relative to

Suboxone® sublingual film by filing a declaration with FDA, and that FDA published the '832,

'150, and '514 patent information in the Orange Book as a ministerial act. Except as specifically

admitted, Defendant denies the remaining allegations in paragraph 17.

<u>**THE DRUG APPROVAL PROCESS**</u>

18.     Defendant admits that in 1984 Congress enacted the Drug Price Competition and

Patent Term Restoration Act, which is commonly known as the "Hatch-Waxman Act" and which

is codified at 21 U.S.C. § 355. The remaining allegations contained in paragraph 18 are

allegations of law or characterizations of the Hatch-Waxman Act that require no response from

Defendant, and Defendant therefore denies these allegations.

19.     The allegations contained in paragraph 19 are allegations of law or

characterizations of the Hatch-Waxman Act that require no response from Defendant, and

Defendant therefore denies these allegations.

20.     The allegations contained in paragraph 20 are allegations of law or

characterizations of the Hatch-Waxman Act that require no response from Defendant, and

Defendant therefore denies these allegations.

21.     The allegations contained in paragraph 21 are allegations of law or

characterizations of federal regulations that require no response from Defendant, and Defendant

therefore denies these allegations.

22.     The allegations contained in paragraph 22 are allegations of law or

characterizations of the Hatch-Waxman Act that require no response from Defendant, and

Defendant therefore denies these allegations.

23.     The allegations contained in paragraph 23 are allegations of law or

characterizations of the Hatch-Waxman Act that require no response from Defendant, and Defendant therefore denies these allegations.

24.     The allegations contained in paragraph 24 are allegations of law or characterizations of the Hatch-Waxman Act that require no response from Defendant, and Defendant therefore denies these allegations.

25.     The allegations contained in paragraph 25 are allegations of law or characterizations of the Hatch-Waxman Act that require no response from Defendant, and Defendant therefore denies these allegations.

26.     The allegations contained in paragraph 26 are allegations of law or characterizations of federal regulations that require no response from Defendant, and Defendant therefore denies these allegations.

## TEVA'S ANDA

27.     Defendant admits that Teva sent to Plaintiffs a letter dated October 17, 2014 (the "Notification Letter"), stating that Teva's ANDA, No. 205806, was submitted to the United States Food and Drug Administration ("FDA") and contains a certification pursuant to 21 U.S.C. § 355(j)(2)(B)(vii)(IV) (a "Paragraph IV certification") alleging that the '832, '150, and '514 patents are invalid, unenforceable, and/or will not be infringed by the manufacture, use, or sale of the generic product proposed in the ANDA. Defendant lacks knowledge and information sufficient to form a belief as to the truth of the remaining allegations in paragraph 27 and therefore denies them.

28.     Defendant admits that Teva submitted ANDA No. 205806 to the FDA under 21 U.S.C. § 355(j), seeking approval to engage in the commercial manufacture, use, and/or sale of a buprenorphine hydrochloride and naloxone hydrochloride sublingual film before expiration of

the '832, '150, and '514 patents.  Defendant admits that ANDA No. 205806 identifies Plaintiff

RBP's NDA for Suboxone® sublingual film as the Reference Listed Drug, and that ANDA No.

205806 contains data demonstrating that the ANDA product meets FDA requirements for

bioequivalence with respect to Suboxone® sublingual film. Defendant lacks knowledge and

information sufficient to form a belief as to the truth of the remaining allegations in paragraph 28

and therefore denies them.

  29. Defendant lacks knowledge or information sufficient to form a belief as to the

truth of the allegations in paragraph 29 and therefore denies them.

**COUNT I**
**(Infringement of the '832 Patent Under 35 U.S.C. § 271(e)(2))**

  30. Defendant repeats and incorporates by reference its answers to paragraphs 1-29 of

the First Amended Complaint above as if fully set forth herein.

  31. Defendant denies the allegations contained in paragraph 31 of the First Amended

Complaint.

  32. Defendant admits that the filing of ANDA No. 205806 is a technical act of

infringement under 35 U.S.C. § 271(e)(2) that gives rise to subject matter jurisdiction. Defendant

expressly denies that Teva's proposed ANDA product infringes any valid claim of the '832

patent.

  33. Defendant denies the allegations in paragraph 33 of the First Amended

Complaint.

**COUNT II**
**(Infringement of the '150 Patent Under 35 U.S.C. § 271(e)(2))**

  34. Defendant repeats and incorporates by reference its answers to paragraphs 1-33 of

the First Amended Complaint above as if fully set forth herein.

8

35.     Defendant denies the allegations contained in paragraph 35 of the First Amended Complaint.

36.     Defendant admits that the filing of ANDA No. 205806 is a technical act of infringement under 35 U.S.C. § 271(e)(2) that gives rise to subject matter jurisdiction. Defendant expressly denies that Teva's proposed ANDA product infringes any valid claim of the '150 patent.

37.     Defendant denies the allegations contained in paragraph 37 of the First Amended Complaint.

## COUNT III
### (Infringement of the '514 Patent Under 35 U.S.C. § 271(e)(2))

38.     Defendant repeats and incorporates by reference its answers to paragraphs 1-37 of the First Amended Complaint above as if fully set forth herein.

39.     Defendant denies the allegations contained in paragraph 39 of the First Amended Complaint.

40.     Defendant admits that the filing of ANDA No. 205806 is a technical act of infringement under 35 U.S.C. § 271(e)(2) that gives rise to subject matter jurisdiction. Defendant expressly denies that Teva's proposed ANDA product infringes any valid claim of the '514 patent.

41.     Defendant denies the allegations contained in paragraph 41 of the First Amended Complaint.

## COUNT IV
### (Declaratory Judgment of Infringement of the '497 Patent Under 35 U.S.C. § 271)

42.     Defendant repeats and incorporates by reference its answers to paragraphs 1-41 of the First Amended Complaint above as if fully set forth herein.

43.     Defendant admits that Teva intends to engage in the manufacture, use, and/or sale of Teva's proposed ANDA product upon approval of ANDA No. 205806. To the extent that paragraph 43 of the First Amended Complaint contains additional allegations, Defendant denies them.

44.     Defendant denies the allegations contained in paragraph 44 of the First Amended Complaint.

45.     Defendant denies the allegations contained in paragraph 45 of the First Amended Complaint.

## COUNT V
### (Declaratory Judgment of Infringement of the '277 Patent Under 35 U.S.C. § 271)

46.     Defendant repeats and incorporates by reference its answers to paragraphs 1-45 of the First Amended Complaint above as if fully set forth herein.

47.     Defendant admits that Teva intends to engage in the manufacture, use, and/or sale of Teva's proposed ANDA product upon approval of ANDA No. 205806. To the extent that paragraph 47 of the First Amended Complaint contains additional allegations, Defendant denies them.

48.     Defendant denies the allegations contained in paragraph 48 of the First Amended Complaint.

49.     Defendant denies the allegations contained in paragraph 49 of the First Amended Complaint.

## PLAINTIFFS' PRAYER FOR RELIEF

The remainder of Plaintiffs' First Amended Complaint recites a prayer for relief to which no response is required. To the extent that a response is required, Defendant denies that Plaintiffs are entitled to any remedy or relief, including those requested.

10

## AFFIRMATIVE DEFENSES

Without any admission as to the burden of proof, burden of persuasion, or the truth of any allegation in Plaintiffs' First Amended Complaint, and expressly reserving its right to assert additional defenses, Defendant states the following affirmative defenses:

### First Affirmative Defense

The claims of the '832,'150, '514, '497, and '277 patents are invalid for failure to satisfy the statutory provisions of Title 35 of the United States Code, including without limitation, one or more of sections 101, 102, 103, 111, 112, 116, 135, 256, and 287, and/or the doctrine of obviousness-type double patenting.

### Second Affirmative Defense

The manufacture, use, sale, offer for sale, or importation of the buprenorphine hydrochloride and naloxone hydrochloride sublingual film that is the subject of ANDA No. 205806 will not infringe, directly or indirectly, any valid or enforceable claim of the '832, '150, '514, '497, and/or '277 patents.

### Third Affirmative Defense

The filing of ANDA No. 205806 has not infringed, and will not infringe, directly or indirectly, any valid or enforceable claim of the '832, '150, '514, '497, and/or '277 patents.

### Fourth Affirmative Defense

Plaintiffs' First Amended Complaint fails to state a claim upon which relief may be granted.

### Fifth Affirmative Defense

Defendant's actions in defending this case do not give rise to an exceptional case under 35 U.S.C. § 285.

**Sixth Affirmative Defense**

Defendant has not willfully infringed any claims of the '832, '150, '514, '497, and/or '277 patents.

**Seventh Affirmative Defense**

The relief requested in the First Amended Complaint is barred by the doctrines of estoppel and/or waiver.

**Eighth Affirmative Defense**

Any additional defenses or counterclaims that discovery may reveal.


WHEREFORE, Defendant requests that Plaintiffs' First Amended Complaint be dismissed with prejudice and that Defendant be awarded the costs of this action, its attorneys' fees, and all other relief this Court deems just and proper.

**COUNTERCLAIMS**

For its counterclaims against Plaintiffs/Counterclaim-Defendants Reckitt Benckiser Pharmaceuticals, Inc. ("RBP"), RB Pharmaceuticals Limited ("RBP UK"), and MonoSol Rx, LLC ("MonoSol") (collectively, "Counterclaim-Defendants"), Teva Pharmaceuticals USA, Inc. ("Teva") alleges as follows:

**THE PARTIES**

1.      Teva is a corporation organized and existing under the laws of the State of Delaware, having a place of business at 1090 Horsham Road, North Wales, Pennsylvania, 19454.

2.      On information and belief, as stated in its First Amended Complaint against Teva, RBP is a corporation organized and existing under the laws of the State of Delaware, having a principal place of business at 10710 Midlothian Turnpike, Suite 430, Richmond, Virginia.

3.      On information and belief, as stated in its First Amended Complaint against Teva,

12

RBP UK is a corporation organized and existing under the laws of the United Kingdom, having a principal place of business at 103-105 Bath Road, Slough, UK.

4.      On information and belief, as stated in its First Amended Complaint against Teva, MonoSol is a limited liability corporation organized and existing under the laws of the State of Delaware, having a principal place of business at 30 Technology Drive, Warren, New Jersey.

## NATURE OF THE ACTION

5.      Teva seeks a declaratory judgment under the Patent Laws of the United States, 35 U.S.C. § 100 *et seq.*, and the Declaratory Judgment Act, 28 U.S.C. § 2201 *et seq.*, that United States Patent Nos. 8,475,832 ("the '832 patent"), 8,017,150 ("the '150 patent"), 8,603,514 ("the '514 patent"), 8,900,497 ("the '497 patent), and 8,906,277 ("the '277 patent") are invalid and not infringed.

## JURISDICTION AND VENUE

6.      These counterclaims arise under the Patent Act, 35 U.S.C. § 100 *et seq.*, and the Declaratory Judgment Act, 28 U.S.C. §§ 2201 and 2202. To the extent that the Court has subject matter jurisdiction over Counterclaim-Defendants' claims against Teva, this Court has subject matter jurisdiction over these counterclaims under 28 U.S.C. §§ 1331, 1338(a), 2201, and 2202.

7.      This Court has personal jurisdiction over RBP because, among other reasons, it subjected itself to the jurisdiction of this Court by filing the First Amended Complaint against Teva in this jurisdiction.

8.      This Court has personal jurisdiction over RBP UK because, among other reasons, it subjected itself to the jurisdiction of this Court by filing the First Amended Complaint against Teva in this jurisdiction.

9.      This Court has personal jurisdiction over MonoSol because, among other reasons,

it subjected itself to the jurisdiction of this Court by filing the First Amended Complaint against Teva in this jurisdiction.

10.     To the extent that venue is appropriate for Counterclaim-Defendants' claims against Teva, venue is also appropriate in this Court for Teva's counterclaims. Venue is also proper in this judicial district as Plaintiffs' choice of forum, and under 28 U.S.C. § 1391(b) and (c).

11.     There is an actual and justiciable controversy between the parties as to the infringement, validity, and enforceability of United States Patent Nos. 8,475,832 ("the '832 patent"), 8,017,150 ("the '150 patent"), 8,603,514 ("the '514 patent"), 8,900,497 ("the '497 patent), and 8,906,277 ("the '277 patent").

## BACKGROUND

12.     Upon information and belief, as stated in its First Amended Complaint against Teva, RBP holds approved New Drug Application ("NDA") No. 22-410 for Suboxone® (buprenorphine hydrochloride and naloxone hydrochloride) sublingual film.

13.     NDA holders are required to disclose to the FDA the patent numbers of patents claiming the drug or the method of using such drug for which the NDA is submitted. FDA lists these patents in the FDA publication entitled *Approved Drug Products with Therapeutic Equivalence Evaluations* (the "Orange Book").

14.     The '832 patent, entitled "Sublingual and Buccal Film Compositions," states that it issued on July 2, 2013.

15.     Upon information and belief, as stated in the First Amended Complaint against Teva, RBP UK claims to be the assignee of the '832 patent.

16.     The '150 patent, entitled "Polyethylene Oxide-Based Films and Drug Delivery

Systems Made Therefrom," states that it issued on September 13, 2011.

17.     Upon information and belief, as stated in the First Amended Complaint against Teva, MonoSol claims to be the assignee of the '150 patent.

18.     Upon information and belief, as stated in the First Amended Complaint against Teva, RBP claims to hold an exclusive license to the '150 patent.

19.     The '514 patent, entitled "Uniform Films for Rapid Dissolve Dosage Form Incorporating Taste-Masking Compositions," states that it issued on December 10, 2013.

20.     Upon information and belief, as stated in the First Amended Complaint against Teva, MonoSol claims to be the assignee of the '514 patent.

21.     Upon information and belief, as stated in the First Amended Complaint against Teva, RBP claims to hold an exclusive license to the '514 patent.

22.     The '497 patent, entitled "Process for Making a Film Having a Substantially Uniform Distribution of Components," states that it issued on December 2, 2014.

23.     Upon information and belief, as stated in the First Amended Complaint against Teva, Monosol claims to be the assignee of the '497 patent.

24.     Upon information and belief, as stated in the First Amended Complaint against Teva, RBP claims to hold an exclusive license to the '497 patent.

25.     The '277 patent, entitled "Process for Manufacturing a Resulting Pharmaceutical Film," states that it issued on December 9, 2014.

26.     Upon information and belief, as stated in the First Amended Complaint against Teva, Monosol claims to be the assignee of the '277 patent.

27.     Upon information and belief, as stated in the First Amended Complaint against Teva, RBP claims to hold an exclusive license to the '277 patent.

28.     Neither the '497 patent nor the '277 patent is listed in the Orange Book for NDA No. 22-410 for Suboxone® (buprenorphine hydrochloride and naloxone hydrochloride) sublingual film.

29.     Upon information and belief, Counterclaim-Defendants, including MonoSol and RBP, caused the '832, '150, and '154 patents to be listed in the Orange Book as patents that claim the drug and/or claim a method of using such a drug for which RBP submitted NDA No. 22-410.

30.     Teva submitted Abbreviated New Drug Application ("ANDA") No. 205806 to obtain FDA approval to engage in the commercial manufacture, use, or sale of sublingual film containing buprenorphine hydrochloride and naloxone hydrochloride in two strengths (with a 4:1 ratio of buprenorphine to naloxone): 4 mg buprenorphine/1 mg naloxone and 12 mg buprenorphine/3 mg naloxone ("Teva's ANDA Products") prior to expiration of the '832, '150, and '514 patents.

31.     Teva made "Paragraph IV" certifications pursuant to 21 U.S.C. § 505(j)(2)(A)(vii)(IV) that the claims of the '832, '150, and '514 patents are invalid, unenforceable and/or will not be infringed by the commercial manufacture, use, or sale of Teva's ANDA 205806 Products.

32.     On January 5, 2015, Counterclaim-Defendants filed their First Amended Complaint against Teva alleging infringement of the '832, '150,'514, '497, and '277 patents.

## COUNT I
### (Declaratory Judgment of Non-Infringement of the '832 Patent)

33.     Teva repeats and realleges the allegations in paragraphs 1-32 above as if fully set forth herein.

34.     The manufacture, use, sale, offer for sale, and/or importation of Teva's ANDA

16

Products will not infringe, directly or indirectly, any valid or enforceable claim of the '832 patent.

35.     An actual and justiciable controversy exists between the parties concerning whether the manufacture, use, sale, offering for sale, and/or importation of Teva's ANDA Products will infringe the '832 patent.

36.     Teva is entitled to a judicial declaration that it has not infringed and does not infringe—literally or under the doctrine of equivalents, directly or indirectly, by inducement or contribution—any valid claim of the '832 patent with respect to Teva's ANDA Products.

## COUNT II
### (Declaratory Judgment of Non-Infringement of the '150 Patent)

37.     Teva repeats and realleges the allegations in paragraphs 1-36 above as if fully set forth herein.

38.     The manufacture, use, sale, offer for sale, and/or importation of Teva's ANDA Products will not infringe, directly or indirectly, any valid or enforceable claim of the '150 patent.

39.     An actual and justiciable controversy exists between the parties concerning whether the manufacture, use, sale, offering for sale, and/or importation of Teva's ANDA Products will infringe the '150 patent.

40.     Teva is entitled to a judicial declaration that it has not infringed and does not infringe—literally or under the doctrine of equivalents, directly or indirectly, by inducement or contribution—any valid claim of the '150 patent with respect to Teva's ANDA Products.

## COUNT III
### (Declaratory Judgment of Non-Infringement of the '514 Patent)

41.     Teva repeats and realleges the allegations in paragraphs 1-40 above as if fully set

forth herein.

42.     The manufacture, use, sale, offer for sale, and/or importation of Teva's ANDA

Products will not infringe, directly or indirectly, any valid or enforceable claim of the '514

patent.

43.     An actual and justiciable controversy exists between the parties concerning

whether the manufacture, use, sale, offering for sale, and/or importation of Teva's ANDA

Products will infringe the '514 patent.

44.     Teva is entitled to a judicial declaration that it has not infringed and does not

infringe—literally or under the doctrine of equivalents, directly or indirectly, by inducement or

contribution—any valid claim of the '514 patent with respect to Teva's ANDA Products.

## COUNT IV
### (Declaratory Judgment of Non-Infringement of the '497 Patent)

45.     Teva repeats and realleges the allegations in paragraphs 1-44 above as if fully set

forth herein.

46.     Teva's filing of its ANDA No. 205806 did not infringe any valid claim of the

'497 patent.

47.     The manufacture, use, sale, offer for sale, and/or importation of Teva's ANDA

Products would not infringe, directly or indirectly, any valid or enforceable claim of the '497

patent.

48.     An actual and justiciable controversy exists between the parties concerning

whether the manufacture, use, sale, offering for sale, and/or importation of Teva's ANDA

Products will infringe the '497 patent.

49.     Teva is entitled to a judicial declaration that it has not infringed and does not

infringe—literally or under the doctrine of equivalents, directly or indirectly, by inducement or

contribution—any valid claim of the '497 patent with respect to Teva's ANDA Products.

## COUNT V
### (Declaratory Judgment of Non-Infringement of the '277 Patent)

50.     Teva repeats and realleges the allegations in paragraphs 1-49 above as if fully set forth herein.

51.     Teva's filing of its ANDA No. 205806 did not infringe any valid claim of the '277 patent.

52.     The manufacture, use, sale, offer for sale, and/or importation of Teva's ANDA Products would not infringe, directly or indirectly, any valid or enforceable claim of the '277 patent.

53.     An actual and justiciable controversy exists between the parties concerning whether the manufacture, use, sale, offering for sale, and/or importation of Teva's ANDA Products will infringe the '277 patent.

54.     Teva is entitled to a judicial declaration that it has not infringed and does not infringe—literally or under the doctrine of equivalents, directly or indirectly, by inducement or contribution—any valid claim of the '277 patent with respect to Teva's ANDA Products

## COUNT VI
### (Declaratory Judgment of Invalidity of the '832 Patent)

55.     Teva repeats and realleges the allegations in paragraphs 1-54 above as if fully set forth herein.

56.     On information and belief, the claims of the '832 patent are invalid for failure to satisfy the requirements of Title 35 of the United States Code, including without limitation one or more of 35 U.S.C. §§ 101, 102, 103, and 112 and/or the doctrine of obviousness-type double patenting.

19

57.     An actual and justiciable controversy exists between the parties concerning whether the '832 patent claims are invalid.

58.     Teva is entitled to a judicial declaration that the claims of the '832 patent are invalid.

### COUNT VII
### (Declaratory Judgment of Invalidity of the '150 Patent)

59.     Teva repeats and realleges the allegations in paragraphs 1-58 above as if fully set forth herein.

60.     On information and belief, the claims of the '150 patent are invalid for failure to satisfy the requirements of Title 35 of the United States Code, including without limitation one or more of 35 U.S.C. §§ 101, 102, 103, and 112 and/or the doctrine of obviousness-type double patenting.

61.     An actual and justiciable controversy exists between the parties concerning whether the '150 patent claims are invalid.

62.     Teva is entitled to a judicial declaration that the claims of the '150 patent are invalid.

### COUNT VIII
### (Declaratory Judgment of Invalidity of the '514 Patent)

63.     Teva repeats and realleges the allegations in paragraphs 1-62 above as if fully set forth herein.

64.     On information and belief, the claims of the '514 patent are invalid for failure to satisfy the requirements of Title 35 of the United States Code, including without limitation one or more of 35 U.S.C. §§ 101, 102, 103, and 112 and/or the doctrine of obviousness-type double patenting.

65.     An actual and justiciable controversy exists between the parties concerning whether the '514 patent claims are invalid.

66.     Teva is entitled to a judicial declaration that the claims of the '514 patent are invalid.

## COUNT IX
### (Declaratory Judgment of Invalidity of the '497 Patent)

67.     Teva repeats and realleges the allegations in paragraphs 1-66 above as if fully set forth herein.

68.     On information and belief, the claims of the '497 patent are invalid for failure to satisfy the requirements of Title 35 of the United States Code, including without limitation one or more of 35 U.S.C. §§ 101, 102, 103, and 112 and/or the doctrine of obviousness-type double patenting.

69.     An actual and justiciable controversy exists between the parties concerning whether the '497 patent claims are invalid.

70.     Teva is entitled to a judicial declaration that the claims of the '497 patent are invalid.

## COUNT X
### (Declaratory Judgment of Invalidity of the '277 Patent)

71.     Teva repeats and realleges the allegations in paragraphs 1-70 above as if fully set forth herein.

72.     On information and belief, the claims of the '277 patent are invalid for failure to satisfy the requirements of Title 35 of the United States Code, including without limitation one or more of 35 U.S.C. §§ 101, 102, 103, and 112 and/or the doctrine of obviousness-type double patenting.

73.     An actual and justiciable controversy exists between the parties concerning whether the '277 patent claims are invalid.

74.     Teva is entitled to a judicial declaration that the claims of the '277 patent are invalid.

### PRAYER FOR RELIEF

WHEREFORE, Teva prays that the Court enter judgment in its favor and against Counterclaim-Defendants as follows:

A.      Dismiss the First Amended Complaint with prejudice and deny each request for relief made by Plaintiffs;

B.      Declare that the filing of ANDA No. 205806 has not infringed, does not infringe, and would not infringe any valid or enforceable claims of the '832 patent;

C.      Declare that the manufacture, use, sale, offer to sell, and/or importation in the United States of Teva's products that are the subject of ANDA No. 205806 do not, and will not, infringe any valid or enforceable claim of the '832 patent.

D.      Declare that the claims of the '832 patent are invalid;

E.      Declare that the filing of ANDA No. 205806 has not infringed, does not infringe, and would not infringe any valid or enforceable claims of the '150 patent;

F.      Declare that the manufacture, use, sale, offer to sell, and/or importation in the United States of Teva's products that are the subject of ANDA No. 205806 do not, and will not, infringe any valid or enforceable claim of the '150 patent.

G.      Declare that the claims of the '150 patent are invalid;

H.      Declare that the filing of ANDA No. 205806 has not infringed, does not infringe, and would not infringe any valid or enforceable claims of the '514 patent;

I.      Declare that the manufacture, use, sale, offer to sell, and/or importation in the United States of Teva's products that are the subject of ANDA No. 205806 do not, and will not, infringe any valid or enforceable claim of the '514 patent.

J.      Declare that the claims of the '514 patent are invalid;

K.      Declare that the manufacture, use, sale, offer to sell, and/or importation in the United States of Teva's products that are the subject of ANDA No. 205806 do not, and will not, infringe any valid or enforceable claim of the '497 patent.

L.      Declare that the claims of the '497 patent are invalid;

M.      Declare that the manufacture, use, sale, offer to sell, and/or importation in the United States of Teva's products that are the subject of ANDA No. 205806 do not, and will not, infringe any valid or enforceable claim of the '277 patent.

N.      Declare that the claims of the '277 patent are invalid;

O.      Award Teva its costs and reasonable attorneys' fees; and

P.      Award other and further relief as this Court deems just and proper.


|  | /s/ Karen E. Keller |
|---|---|
| OF COUNSEL: | John W. Shaw (No. 3362) |
| Elaine Blais | Karen E. Keller (No. 4489) |
| GOODWIN PROCTER LLP | David M. Fry (No. 5486) |
| Exchange Place | SHAW KELLER LLP |
| Boston, MA 02109 | 300 Delaware Avenue, Suite 1120 |
| (617) 570-1205 | Wilmington, DE 19801 |
|  | (302) 298-0700 |
|  | jshaw@shawkeller.com |
|  | kkeller@shawkeller.com |
|  | dfry@shawkeller.com |
| Dated: January 29, 2015 | *Attorneys for Defendant* |

23