IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| RECKITT BENCKISER PHARMACEUTICALS INC., RB PHARMACEUTICALS LIMITED, and MONOSOL RX, LLC, | ) ) ) ) ) | CA. No. 14-1451-RGA |
| Plaintiffs, | ) ) | |
| v. | ) | |
| TEVA PHARMACEUTICALS USA, INC., | ) ) | |
| Defendant. | ) | |
| RECKITT BENCKISER PHARMACEUTICALS INC. and MONOSOL RX, LLC, | ) ) ) ) | |
| Plaintiffs, | ) | CA. No. 14-1573-RGA |
| v. | ) | |
| PAR PHARMACEUTICAL, INC. and INTELGENX TECHNOLOGIES CORP., | ) ) ) | |
| Defendants. | ) | |
| RECKITT BENCKISER PHARMACEUTICALS INC. And MONOSOL RX, LLC, | ) ) ) ) | |
| Plaintiffs, | ) | CA. No. 14-1574-RGA |
| v. | ) | |
| WATSON LABORATORIES, INC. et al., | ) ) | |
| Defendants. | ) | |

**NOTICE OF SUBPOENA**

PLEASE TAKE NOTICE that, pursuant to Rule 45 of the Federal Rules of Civil

Procedure, Defendants Teva Pharmaceuticals USA, Inc. ("Teva"), Actavis Laboratories UT, Inc.

(formerly known as Watson Laboratories, Inc. or Watson Laboratories, Inc. (Delaware))

("Actavis/Watson"), Par Pharmaceutical, Inc. ("Par") and IntelGenx Technologies Corp.

("IntelGenx"), through counsel, will cause a subpoena to be served upon non-party Joseph M.

1

Fuisz, in the form attached hereto as Exhibit 1, to testify at a deposition and to produce documents as described in Attachment A to the subpoena.

| | |
|---|---|
| */s/ Megan C. Haney* | */s/ Karen E. Keller* |
| John C. Phillips, Jr. (No. 110) | John W. Shaw (No. 3362) |
| Megan C. Haney (No. 5016) | Karen E. Keller (No. 4489) |
| PHILLIPS, GOLDMAN & SPENCE, P.A. | David M. Fry (No. 5486) |
| 1200 North Broom Street | SHAW KELLER LLP |
| Wilmington, DE 19806 | 300 Delaware Avenue, Suite 1120 |
| (302) 655-4200 | Wilmington, DE 19801 |
| jcp@pgslaw.com | (302) 298-0700 |
| mch@pgslaw.com | jshaw@shawkeller.com |
| *Attorneys for Defendant Actavis Laboratories UT, Inc. and Watson Laboratories, Inc.* | kkeller@shawkeller.com |
| | dfry@shawkeller.com |
| | *Attorneys for Defendant Teva Pharmaceuticals, USA, Inc.* |
| OF COUNSEL: | |
| Michael K. Nutter | |
| WINSTON & STRAWN LLP | OF COUNSEL |
| 35 West Wacker Drive | Robert V. Cerwinski |
| Chicago, IL 60601 | GOODWIN PROCTER LLP |
| (312) 558-5600 | The New York Times Building |
| | 620 Eighth Avenue |
| Stephen R. Smerek | New York, NY 10018 |
| David P. Dalke | (212) 813-8800 |
| Jason C. Hamilton | |
| WINSTON & STRAWN LLP | Elaine Blais |
| 333 S. Grand Ave., Suite 3800 | Robert Frederickson, III |
| Los Angeles, CA 90071 | Alexandra Lu |
| (213) 615-1700 | Kathryn Kosinski |
| | GOODWIN PROCTER LLP |
| | Exchange Place |
| | Boston, MA 02109 |
| | (617) 570-1205 |
| | |
| | J. Coy Stull |
| | GOODWIN PROCTER LLP |
| | 901 New York Avenue, NW |
| | Washington, DC 20001 |
| | (202) 346-4000 |

*/s/ Katharine L. Mowery*
Steven J. Fineman (No. 4025)
Katharine L. Mowery (No. 5629)
RICHARDS LAYTON & FINGER, P.A.
One Rodney Square, 920 North King Street
Wilmington, DE 19801
(302) 651-7700
fineman@rlf.com
mowery@rlf.com
*Attorneys for Defendant Par Pharmaceutical, Inc. and IntelGenx Technologies Corp.*

OF COUNSEL:
Daniel G. Brown
LATHAM & WATKINS LLP
885 Third Avenue
New York, NY 10022
(212) 906-1200

James K. Lynch
LATHAM & WATKINS LLP
505 Montgomery Street, Suite 2000
San Francisco, CA 94111
(415) 391-0600

Jennifer Koh
B. Thomas Watson
LATHAM & WATKINS LLP
12670 High Bluff Drive
San Diego, CA 92130
(858) 523.5400

Emily C. Melvin
LATHAM & WATKINS LLP
233 S. Wacker Drive, Suite 5800
Chicago, IL 60606
(312) 876-7700

Terry Kearney
Michelle P. Woodhouse
LATHAM & WATKINS LLP
140 Scott Drive
Menlo Park, CA 94025
(650) 463-7700

Dated: January 15, 2016

# EXHIBIT 1

AO 88A (Rev. 12/13) Subpoena to Testify at a Deposition in a Civil Action

# UNITED STATES DISTRICT COURT
for the
District of Delaware

| | | |
|---|---|---|
| Reckitt Benckiser Pharmaceuticals, Inc. et al. | ) | |
| *Plaintiff* | ) | |
| v. | ) | Civil Action No. 14-1451,14-1573,14-1574 (RGA) |
| Teva Pharmaceuticals USA, Inc. | ) | |
| *Defendant* | ) | |

**SUBPOENA TO TESTIFY AT A DEPOSITION IN A CIVIL ACTION**

To: Joseph M. Fuisz
c/o Timothy C. Bickham, Steptoe & Johnson LLP, 1330 Connecticut Ave., NW, Washington DC 20036
*(Name of person to whom this subpoena is directed)*

☑ *Testimony:* **YOU ARE COMMANDED** to appear at the time, date, and place set forth below to testify at a deposition to be taken in this civil action. If you are an organization, you must designate one or more officers, directors, or managing agents, or designate other persons who consent to testify on your behalf about the following matters, or those set forth in an attachment:

| Place: Courtyard Miami Aventura Mall, 2825 NE 191st Street, Aventura FL 33180 -or- Goodwin Procter LLP, 901 New York Avenue, NW, Washington, DC 20001 | Date and Time: Feb. 23, 2016 at 9:00am |
|---|---|

The deposition will be recorded by this method: stenographic, audio, video, and/or real-time computer

☑ *Production:* You, or your representatives, must also bring with you to the deposition the following documents, electronically stored information, or objects, and must permit inspection, copying, testing, or sampling of the material: See Attachment A

The following provisions of Fed. R. Civ. P. 45 are attached – Rule 45(c), relating to the place of compliance; Rule 45(d), relating to your protection as a person subject to a subpoena; and Rule 45(e) and (g), relating to your duty to respond to this subpoena and the potential consequences of not doing so.

Date: 01/15/2016

*CLERK OF COURT*

OR

/s/ Karen E. Keller (No. 4489)

*Signature of Clerk or Deputy Clerk*          *Attorney's signature*

The name, address, e-mail address, and telephone number of the attorney representing *(name of party)* Teva Pharmaceuticals USA, Inc. , who issues or requests this subpoena, are:

Karen K. Keller, SHAW KELLER LLP, 300 Delaware Avenue, Suite 1120, Wilmington, DE 19801; kkeller@shawkeller.com; (302) 298-0700

**Notice to the person who issues or requests this subpoena**
If this subpoena commands the production of documents, electronically stored information, or tangible things, a notice and a copy of the subpoena must be served on each party in this case before it is served on the person to whom it is directed. Fed. R. Civ. P. 45(a)(4).

AO 88A (Rev. 12/13) Subpoena to Testify at a Deposition in a Civil Action (Page 2)

Civil Action No. 14-1451,14-1573,14-1574 (RGA)

# PROOF OF SERVICE

*(This section should not be filed with the court unless required by Fed. R. Civ. P. 45.)*

I received this subpoena for *(name of individual and title, if any)* Joseph M. Fuisz
on *(date)* _____ .

❐ I served the subpoena by delivering a copy to the named individual as follows: _____

_____  on *(date)* _____ ; or

❐ I returned the subpoena unexecuted because: _____
_____ .

Unless the subpoena was issued on behalf of the United States, or one of its officers or agents, I have also tendered to the witness the fees for one day's attendance, and the mileage allowed by law, in the amount of

$ _____ .

My fees are $ _____ for travel and $ _____ for services, for a total of $ 0.00 .

I declare under penalty of perjury that this information is true.

Date: _____

_____
*Server's signature*

_____
*Printed name and title*

_____
*Server's address*

Additional information regarding attempted service, etc.:

# Federal Rule of Civil Procedure 45 (c), (d), (e), and (g) (Effective 12/1/13)

**(c) Place of Compliance.**

  **(1)** *For a Trial, Hearing, or Deposition.* A subpoena may command a person to attend a trial, hearing, or deposition only as follows:
    **(A)** within 100 miles of where the person resides, is employed, or regularly transacts business in person; or
    **(B)** within the state where the person resides, is employed, or regularly transacts business in person, if the person
      **(i)** is a party or a party's officer; or
      **(ii)** is commanded to attend a trial and would not incur substantial expense.

  **(2)** *For Other Discovery.* A subpoena may command:
    **(A)** production of documents, electronically stored information, or tangible things at a place within 100 miles of where the person resides, is employed, or regularly transacts business in person; and
    **(B)** inspection of premises at the premises to be inspected.

**(d) Protecting a Person Subject to a Subpoena; Enforcement.**

  **(1)** *Avoiding Undue Burden or Expense; Sanctions.* A party or attorney responsible for issuing and serving a subpoena must take reasonable steps to avoid imposing undue burden or expense on a person subject to the subpoena. The court for the district where compliance is required must enforce this duty and impose an appropriate sanction—which may include lost earnings and reasonable attorney's fees—on a party or attorney who fails to comply.

  **(2)** *Command to Produce Materials or Permit Inspection.*
    **(A)** *Appearance Not Required.* A person commanded to produce documents, electronically stored information, or tangible things, or to permit the inspection of premises, need not appear in person at the place of production or inspection unless also commanded to appear for a deposition, hearing, or trial.
    **(B)** *Objections.* A person commanded to produce documents or tangible things or to permit inspection may serve on the party or attorney designated in the subpoena a written objection to inspecting, copying, testing, or sampling any or all of the materials or to inspecting the premises—or to producing electronically stored information in the form or forms requested. The objection must be served before the earlier of the time specified for compliance or 14 days after the subpoena is served. If an objection is made, the following rules apply:
      **(i)** At any time, on notice to the commanded person, the serving party may move the court for the district where compliance is required for an order compelling production or inspection.
      **(ii)** These acts may be required only as directed in the order, and the order must protect a person who is neither a party nor a party's officer from significant expense resulting from compliance.

  **(3)** *Quashing or Modifying a Subpoena.*

    **(A)** *When Required.* On timely motion, the court for the district where compliance is required must quash or modify a subpoena that:

      **(i)** fails to allow a reasonable time to comply;
      **(ii)** requires a person to comply beyond the geographical limits specified in Rule 45(c);
      **(iii)** requires disclosure of privileged or other protected matter, if no exception or waiver applies; or
      **(iv)** subjects a person to undue burden.
    **(B)** *When Permitted.* To protect a person subject to or affected by a subpoena, the court for the district where compliance is required may, on motion, quash or modify the subpoena if it requires:

      **(i)** disclosing a trade secret or other confidential research, development, or commercial information; or
      **(ii)** disclosing an unretained expert's opinion or information that does not describe specific occurrences in dispute and results from the expert's study that was not requested by a party.
    **(C)** *Specifying Conditions as an Alternative.* In the circumstances described in Rule 45(d)(3)(B), the court may, instead of quashing or modifying a subpoena, order appearance or production under specified conditions if the serving party:
      **(i)** shows a substantial need for the testimony or material that cannot be otherwise met without undue hardship; and
      **(ii)** ensures that the subpoenaed person will be reasonably compensated.

**(e) Duties in Responding to a Subpoena.**

  **(1)** *Producing Documents or Electronically Stored Information.* These procedures apply to producing documents or electronically stored information:
    **(A)** *Documents.* A person responding to a subpoena to produce documents must produce them as they are kept in the ordinary course of business or must organize and label them to correspond to the categories in the demand.
    **(B)** *Form for Producing Electronically Stored Information Not Specified.* If a subpoena does not specify a form for producing electronically stored information, the person responding must produce it in a form or forms in which it is ordinarily maintained or in a reasonably usable form or forms.
    **(C)** *Electronically Stored Information Produced in Only One Form.* The person responding need not produce the same electronically stored information in more than one form.
    **(D)** *Inaccessible Electronically Stored Information.* The person responding need not provide discovery of electronically stored information from sources that the person identifies as not reasonably accessible because of undue burden or cost. On motion to compel discovery or for a protective order, the person responding must show that the information is not reasonably accessible because of undue burden or cost. If that showing is made, the court may nonetheless order discovery from such sources if the requesting party shows good cause, considering the limitations of Rule 26(b)(2)(C). The court may specify conditions for the discovery.

  **(2)** *Claiming Privilege or Protection.*
   **(A)** *Information Withheld.* A person withholding subpoenaed information under a claim that it is privileged or subject to protection as trial-preparation material must:
      **(i)** expressly make the claim; and
      **(ii)** describe the nature of the withheld documents, communications, or tangible things in a manner that, without revealing information itself privileged or protected, will enable the parties to assess the claim.
   **(B)** *Information Produced.* If information produced in response to a subpoena is subject to a claim of privilege or of protection as trial-preparation material, the person making the claim may notify any party that received the information of the claim and the basis for it. After being notified, a party must promptly return, sequester, or destroy the specified information and any copies it has; must not use or disclose the information until the claim is resolved; must take reasonable steps to retrieve the information if the party disclosed it before being notified; and may promptly present the information under seal to the court for the district where compliance is required for a determination of the claim. The person who produced the information must preserve the information until the claim is resolved.

**(g) Contempt.**
The court for the district where compliance is required—and also, after a motion is transferred, the issuing court—may hold in contempt a person who, having been served, fails without adequate excuse to obey the subpoena or an order related to it.

---

For access to subpoena materials, see Fed. R. Civ. P. 45(a) Committee Note (2013).

# ATTACHMENT A

## **DEFINITIONS & INSTRUCTIONS**

The words and phrases used in these requests shall have the meanings ascribed to them under the Federal Rules of Civil Procedure (the "Federal Rules") and the Local Rules of the United States District Court for the District of Delaware (the "Local Rules"). In addition, the following terms shall have the meanings set forth below whenever used in any request.

A. The term "RBP" refers to Reckitt Benckiser Pharmaceuticals, Inc. and RB Pharmaceuticals Limited, collectively, including any predecessor or successor company or individual, and any corporation or other business entity (whether or not a separate legal entity) subsidiary to, parent of, or affiliated with Reckitt Benckiser Pharmaceuticals, Inc. or RB Pharmaceuticals Limited, including but not limited to Indivior US Holdings Inc. and Indivior PLC, as well as all present and former principals, officers, employees, agents, representatives, and consultants of (1) Reckitt Benckiser Pharmaceuticals, Inc.; (2) RB Pharmaceuticals Limited; (3) any subsidiary, parent, or affiliated corporation or other business entity, including but not limited to Indivior US Holdings Inc. and Indivior PLC; or (4) any predecessor or successor company or individual.

B. The term "MonoSol" refers to MonoSol RX, LLC, including any predecessor or successor company or individual, and any corporation or other business entity (whether or not a separate legal entity) subsidiary to, parent of, or affiliated with MonoSol RX, LLC, as well as all present and former principals, officers, employees, agents, representatives, and consultants of (l) MonoSol RX, LLC; (2) any subsidiary, parent, or affiliated corporation or other business entity; or (3) any predecessor or successor company or individual.

C. The term "Document" shall have the broadest meaning available under the Federal Rules of Civil Procedure.

D. As used herein, the present tense includes the past and future tenses. The singular includes the plural, and the plural includes the singular. "All" means "any and all," "any" means "any and all."

E. "Refer to," "referring to," "relate to," "relating to," "concerning," "reflecting," and "regarding" mean constituting, pertaining to, mentioning, commenting on, connected with, discussing, describing, identifying, analyzing, explaining, showing, reflecting, dealing with, comprising, consisting of, containing, resulting from, or regarding a particular subject in whole or in part, either directly or indirectly,

F. The connectives "and" and "or" shall be construed either disjunctively or conjunctively as necessary to bring within the scope of the discovery request all responses that might otherwise be construed to be outside of its scope.

G. The use of the singular form of any word includes the plural and vice versa.

H. The term "'832 Patent" means U.S. Patent No. 8,475,832, titled "Sublingual and Buccal Film Compositions."

I. The term "'150 Patent" means U.S. Patent No. 8,017,150, titled "Polyethylene Oxide-Based Films and Drug Delivery Systems Made Therefrom."

J. The term "'514 Patent" means U.S. Patent No. 8,603,514, titled "Uniform Films for Rapid Dissolve Dosage Form Incorporating Taste-Masking Compositions."

K. The term "'497 Patent" means U.S. Patent No. 8,900,497, titled "Process for Making a Film Having a Substantially Uniform Distribution of Components."

L. The term "'277 Patent" means U.S. Patent No. 8,906,277, titled "Process for Manufacturing a Resulting Pharmaceutical Film."

  M. The term "Patents-in-Suit" shall mean and include the '832 Patent, '150 Patent, '514 Patent, '497 Patent, and '277 Patent.

  N. The term "Related Patent" shall mean any patent or patent application related to the Patents-in-suit, including any applications to which the Patents-in-suit claim priority, any continuations, continuations-in-part, divisionals, re-examinations, reissues, parents, foreign counterpart applications, and publications of such applications, whether or not abandoned and whether or not issued, and any patents and patent applications that claim priority to at least one patent or patent application to which any of the Patents-in-suit also claim priority. These include, but are not limited to, United States Patent Nos. 7,824,588; 7,910,031; 7,897,080; and United States Patent Application Nos. 60/328,868, 10/074/272, 60/371,940, 60/414,276, 60/386,937, 60/443,741, 10/768,809, 10/856,176, 12/102,071, 12/411,835, 13/052,655, 13/035,328, 13/853,223, 12/537,571.

  O. If any documents and things are withheld under a claim of privilege, please provide a privilege log in compliance with Fed. R. Civ. P. 26(b)(5).

  P. "This action" or "this litigation" shall mean the above-captioned actions, Civil Action No. 14-1451 (RGA) (D. Del.), Civil Action No. 14-1573-RGA, Civil Action No. 14-1574-RGA.

REQUESTS FOR DOCUMENTS AND THINGS

1. All Documents concerning the subject matter described or claimed in the Patents-in-suit, including any research, experimentation, studies, or development conducted in connection with the alleged invention described or claimed.

2. All Documents concerning the preparation, prosecution, and/or prosecution history of the patent applications from which the Patents-in-suit issued.

3. All Documents concerning your prior testimony relating to the subject matter of the Patents in-suit or any Related Patent.

4. Any Documents or information on which you relied to prepare for the above described testimony.

5. Any Documents or information concerning or related to your employment, engagement, or interactions by or with RBP or MonoSol.

6. All written communications and documents concerning the Patents-in-suit, any Related Patent, or the subject matter claimed or described in the Patents-in-suit, any Related Patent, or this litigation.

7. Any Documents regarding *Theranos, Inc et al. v. Fuisz Pharma LLC* (C.A. No. 11-5236-PSG, N.D. Cal.), including any settlement agreements.