IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

|  |  |
|---|---|
| INDIVIOR INC., INDIVIOR UK LIMITED, and AQUESTIVE THERAPEUTICS, INC.,<br><br>       Plaintiffs,<br>  v.<br><br>DR. REDDY'S LABORATORIES S.A. and DR. REDDY'S LABORATORIES, INC.,<br><br>       Defendants. | Civil Action No. 14-cv-1451-RGA |

MEMORANDUM OPINION

Jack B. Blumenfeld, Jeremy A. Tigan, MORRIS, NICHOLS, ARSHT & TUNNELL LLP, Wilmington, DE;

 Attorneys for Plaintiffs Indivior Inc., Indivior UK Limited, and Aquestive Therapeutics, Inc.

Jeffrey B. Elikan, Jeffrey H. Lerner, R. Jason Fowler, Erica N. Andersen, Matthew Kudzin (argued), COVINGTON & BURLING LLP, Washington, DC;

 Attorneys for Plaintiffs Indivior Inc. and Indivior UK Limited

James F. Hibey, STEPTOE & JOHNSON LLP, Washington, DC; Jamie Lucia, STEPTOE & JOHNSON LLP, San Francisco, CA;

 Attorneys for Plaintiff Aquestive Therapeutics, Inc.

Stephen B. Brauerman, BAYARD, P.A., Wilmington, DE; Elaine Herrmann Blais (argued), Robert Frederickson, III, Molly Grammel, Alexandra Lu, Kathryn Kosinski, GOODWIN PROCTER LLP, Boston, MA; Robert V. Cerwinski, Ira Jay Levy, GOODWIN PROCTER LLP, New York, NY;

 Attorneys for Defendants

April 23, 2020

/s/ Richard G. Andrews
**ANDREWS, U.S. DISTRICT JUDGE:**

Before the Court is Defendants' Motion for Attorneys' Fees and Costs Pursuant to 35 U.S.C. § 285. (D.I. 334). The Court has considered the parties' briefing. (D.I. 335, 343, 346). The Court heard helpful oral argument. (D.I. 360).

**I.     BACKGROUND**

Plaintiffs filed the instant action against Defendants alleging that Defendants' ANDAs infringed several of Plaintiffs' patents. (D.I. 335 at 3). Three patents remained at issue in the instant case: U.S. Patent Nos. 8,603,514 ("the '514 patent"), 8,017,150 ("the '150 patent"), and 8,900,497 ("the '497 patent"). (*Id.*). The '514 and '497 patents are directed toward the manufacture of buprenorphine/naloxone sublingual films. (*Id.*). The '150 patent is directed toward the formulation of those films. (*Id.*).

I issued a memorandum opinion providing claim construction for multiple terms of the '514, '497, and '150 patents. (D.I. 175). I held a four-day bench trial in November 2016 with respect to the '514 and '497 patents. (D.I. 299; D.I. 300; D.I. 301; D.I. 302). I determined that Defendants did not infringe any asserted claim of the '514 and '497 patents and that Defendants failed to meet their burden of showing that the asserted claims of these patents were invalid as obvious. (D.I. 312 at 9, 42). I separately held a one-day bench trial in November 2016 for the '150 patent. (D.I. 298). I determined that because the dedication-disclosure rule applied, Plaintiffs failed to show that Defendants infringed the '150 patent. (D.I. 313 at 11). I also determined that Defendants did not meet their burden of showing that the asserted claims of the '150 patent were obvious. (*Id.* at 19).

Defendants appealed from my decisions holding the asserted patents not invalid as obvious. *Indivior Inc. v. Dr. Reddy's Labs., S.A.*, 930 F.3d 1325, 1330 (Fed. Cir. 2019).

Plaintiffs cross-appealed from my findings that Defendants did not infringe either the '514 or the '150 patents. *Id.* at 1331. The Federal Circuit affirmed my finding that Defendants do not infringe the asserted claims of the '514 patent and that the '514 patent is not invalid for obviousness. *Id.* at 1339, 1346. The Federal Circuit also affirmed my findings that the Defendants do not infringe the asserted claims of the '150 patent and that those claims are not invalid for obviousness. *Id.* at 1347, 1349. Defendants now seek attorneys' fees and costs. (D.I. 334).

## II. LEGAL STANDARD

The Patent Act provides that the court "in exceptional cases may award reasonable attorney fees to the prevailing party." 35 U.S.C. § 285. The Supreme Court has defined an "exceptional" case as "simply one that stands out from others with respect to the substantive strength of a party's litigating position (considering both the governing law and the facts of the case) or the unreasonable manner in which the case was litigated." *Octane Fitness, LLC v. ICON Health & Fitness, Inc.*, 572 U.S. 545, 554 (2014). When considering whether a case is exceptional, district courts are to exercise their discretion on a case-by-case basis, considering the totality of the circumstances. *Id.* Relevant factors for consideration include "frivolousness, motivation, objective unreasonableness (both in the factual and legal components of the case) and the need in particular circumstances to advance considerations of compensation and deterrence." *Id.* at 554 n.6 (internal quotation marks omitted). A movant must establish its entitlement to attorneys' fees under § 285 by a preponderance of the evidence. *Id.* at 557.

## III. DISCUSSION

It is undisputed that Defendants are the prevailing party. Thus, I address whether the case is exceptional.

### 1. "The Substantive Strength of a Party's Litigating Position"

In *Octane Fitness*, the Supreme Court rejected as "overly rigid" and "too restrictive" the Federal Circuit's previous § 285 case law requiring "*both* that the litigation is objectively baseless *and* that the plaintiff brought it in subjective bad faith." 572 U.S. at 555. Instead, the Supreme Court held that "a case presenting either subjective bad faith or exceptionally meritless claims may sufficiently set itself apart from mine-run cases to warrant a fee award." *Id.*

Defendants argue that Plaintiffs' infringement claims were baseless after the claim construction of the "dried/drying" limitations of the '514 and '497 patents. (D.I. 335 at 12).[1] Defendants assert that Plaintiffs failed to conduct adequate discovery in support of their infringement claims for those patents,[2] and that one of Plaintiffs' experts was only "thinly" qualified.[3] (*Id.*). Defendants further argue that Plaintiffs' claim of infringement of the "visco-

---

[1] At argument, counsel succinctly introduced Defendants' position: "This is a case that became exceptional on June 29th, 2016 when [the Court] issued a claim construction that made it very clear to us that the plaintiffs had lost on infringement." (D.I. 360 at 4). The claim construction ruling occurred about nineteen months after the suit was filed and about four and one-half months before the trials took place. Exceptional cases can arise from "a single, isolated act," and thus can arise from an act (and subsequent conduct in conformity with the act) occurring late in the case. But the question is not whether the act is exceptional, the question is whether the case as a whole, including the act, is exceptional. *See Intellectual Ventures I LLC v. Trend Micro Inc.*, 944 F.3d 1380, 1384 (Fed. Cir. 2019). As is permissible, and showing good judgment, Defendants only seek fees for their expenses, estimated to be about $3,200,000, after June 29, 2016. (D.I. 335 at 20).

[2] Most of the asserted lack of discovery occurred before my claim construction ruling, which occurred after expert discovery had begun. It is possible that Plaintiffs could have stipulated to non-infringement after claim construction and before trial, and perhaps they should have after Defendants made such a proposal (*see* D.I. 351, 352), but I cannot say that was the only reasonable course of action. It was not clear to me at trial that Plaintiffs' infringement position was completely meritless, although, based on the trial record, it was certainly an uphill struggle. I also note that the claim construction issue relating to the dried/drying limitation was, in my opinion, a close one, and one with which I struggled during the litigation of this case and the related cases.

[3] I nevertheless found that expert to be credible in regard to his "little or no aggregation" opinion. (D.I. 312 at 9 (Finding of Fact 15), 17-18). The only other point in my opinion where I

3

elastic film" limitation of the '497 patent was frivolous because Plaintiffs did not proffer "evidence that certain of DRL's formulations infringed the '497 patent" and that no testing was done to see if DRL's proposed ANDA products would infringe.[4] (*Id.* at 15-16). Regarding the '150 patent, Defendants argue that Plaintiffs' infringement argument was baseless in the face of the claim construction and the dedication-disclosure doctrine. (*Id.* at 17-18).

Although I ultimately determined that Plaintiffs failed to meet their burden of showing that Defendants infringed any asserted claim of the '514, '497, and '150 patents, the case was not "exceptionally meritless." *Octane Fitness*, 572 U.S. at 555. While Defendants may have chosen to pursue the case differently had they been in Plaintiffs' position, the evidence to which Defendants point does not show that Plaintiffs' litigating position was one of exceptional weakness. Nor do I find that Plaintiffs' case was brought in bad faith. Therefore, I will not grant attorneys' fees on the basis of the lack of substantive strength of Plaintiffs' litigating position.

### 2. "The Unreasonable Manner in Which the Case was Litigated"

In *Octane Fitness*, the Supreme Court clarified that a party's litigation conduct need not be independently sanctionable in order to justify an award of attorney fees under § 285. 572 U.S. at 546 ("[A] district court may award fees in the rare case in which a party's unreasonable conduct—while not necessarily independently sanctionable—is nonetheless so 'exceptional' as to justify an award of fees."). The Federal Circuit has held that *Octane Fitness* "gave no indication that [the Federal Circuit] should rethink [its] litigation misconduct line of § 285 cases"

---

mentioned that expert in connection with the issue of DRL's infringement was to acknowledge the dispute about qualifications without ruling on it. (*Id*. at 13 n.7).

[4] Defendants also reference Plaintiffs' failure to challenge on appeal my finding that Defendants did not infringe the '497 patent (*see* D.I. 335 at 16-17), but only poor lawyers challenge every adverse district court ruling on appeal. Good lawyers pick their best arguments. That does not mean the ones they drop are conceded to be frivolous, and I infer nothing from Plaintiffs' lawyering on appeal of this case.

4

and stated that "district courts can turn to [] pre-*Octane Fitness* case law for guidance" regarding such arguments. *SFA Sys., LLC v. Newegg Inc.* 793 F.3d 1344, 1349 (Fed. Cir. 2015). "[L]itigation misconduct and unprofessional behavior may suffice, by themselves, to make a case exceptional under § 285." *Monolithic Power Sys. Inc. v. O2 Micro Int'l Ltd.*, 726 F.3d 1359, 1366 (Fed. Cir. 2013) (internal quotation marks omitted).

"[M]any forms of misconduct can support a district court's exceptional case finding, including . . . litigation misconduct; vexatious, unjustified, and otherwise bad faith litigation; a frivolous suit; or willful infringement." *Id*. In *Monolithic Power*, the Federal Circuit upheld a district court's exceptional case finding based on "an overall vexatious litigation strategy and numerous instances of litigation misconduct . . . ." *Id.* at 1367. The plaintiff in *Monolithic Power* offered false testimony, attempted to cover up its false testimony, and engaged in a litigation strategy—over the course of a decade—of suing the same accused infringer's customers "to prompt" a declaratory judgment action from the supplier, only to move to dismiss the cases "after substantial litigation had taken place." *Id*. Likewise, in *Eon-Net LP v. Flagstar Bancorp*, the Federal Circuit upheld a district court's exceptional case determination based upon "[plaintiff's] pursuit of baseless infringement claims, [] improper purpose of bringing the lawsuit against [defendant] to obtain a nuisance value settlement, [] destruction of evidence, and []offensive litigation tactics." 653 F.3d 1314, 1320, 1324-26 (Fed. Cir. 2011).

Defendants argue that Plaintiffs engaged in misconduct by filing a subsequent[5] lawsuit against them in the United States District Court for the District of New Jersey alleging infringement of U.S. Patent No. 9,931,305, which is a continuation of the '514 patent. (D.I. 335

---

[5] The first New Jersey case was filed on September 14, 2017. *Indivior Inc. v. Dr. Reddy's Labs S.A.*, No. 17-7111-KM-CLW, D.I. 1 (D.N.J. Sept. 14, 2017). That was two weeks after I issued the trial opinions in the instant case.

5

at 18).[6] Defendants assert that I should award them fees to deter Plaintiffs from pursuing similar suits. (*Id.*). Defendants argue that "without some consequence for [Plaintiffs'] meritless litigation in this case, Plaintiffs will continue to advance the same frivolous arguments and force DRL to incur substantial costs and attorneys' fees to re-litigate a case it has already won." (*Id.* at 19-20).

Having determined above that Plaintiffs' case was not exceptionally meritless, I also determine here that deterring Plaintiffs from continuing their course of litigation is not warranted. Defendants have not identified any conduct of Plaintiffs that rises to the level of "vexatious, unjustified, and otherwise bad faith litigation." *Monolithic Power*, 726 F.3d at 1367. Plaintiffs' litigation activities, as described by Defendants, merely show a committed strategy of protecting Plaintiffs' intellectual property rights and their profitable branded products, not misconduct. Defendants thus have not demonstrated by a preponderance of the evidence that this case "stands out from others with respect to the . . . unreasonable manner in which the case

---

[6] The assertion that the litigation in New Jersey is relevant to the issues on this motion is a perplexing one. First, assuming that Defendants believe the conduct in New Jersey is bad faith abusive litigation, I think the place to bring that up is the Court in New Jersey. It is subsequent litigation. It is a separate case. If Plaintiffs were simply rearguing in New Jersey issues that they lost in Delaware, presumably Defendants would bring that to the attention of the Court in New Jersey. The Court would be much better positioned than I am to evaluate litigation that occurred in front of it, not me. When the Supreme Court discussed "the unreasonable manner in which the case was litigated," I think "the case" refers to the case before the district court, not other cases before other district courts. Second, Plaintiffs were under no obligation to bring the New Jersey litigation in Delaware. Defendants in New Jersey sought to transfer that litigation to Delaware. They failed to persuade the New Jersey Court that transfer was warranted. *Indivior Inc. v. Dr. Reddy's Labs S.A.*, No. 17-7111-KM-CLW, D.I. 167 & 168 (D.N.J. Aug. 27, 2018). Third, superficial review of the litigation in New Jersey does not persuade me that it was brought in bad faith or anything like it. The Court in New Jersey granted Plaintiffs a preliminary injunction, which one out of three Federal Circuit judges would have affirmed. *Indivior Inc. v. Dr. Reddy's Labs, S.A.*, 752 F. App'x 1024 (Fed. Cir. 2018). Issues that judges can and have gone either way on (even if "preliminarily") are generally not grist for the exceptional-case mill.

was litigated." *Octane Fitness*, 572 U.S. at 554.  Therefore, I will not grant attorneys' fees on that basis.

## IV. CONCLUSION

For the reasons stated above, Defendants' Motion for Attorneys' Fees and Costs Pursuant to 35 U.S.C. § 285 (D.I. 334) is DENIED.  An accompanying order will issue.

7